UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

PATRICIA MANN-NABEL,

    *Plaintiff,*

 -against-

WESTCHESTER MEDICAL CENTER *and*
DENISE DAVIS, *individually,*

    *Defendants.*

------------------------------------X

**ANSWER TO SECOND AMENDED COMPLAINT**

Docket No. 16-cv-09382-VSB

  Defendants, Westchester Medical Center and Denise Davis (collectively, "Defendants"), by their attorneys, Garfunkel Wild, P.C., as and for their answer to Plaintiff Patricia Mann-Nabel's Second Amended Complaint, dated June 9, 2017, (the "Complaint") allege as follows:

  1. Admit the allegations made in Paragraph 1 of the Complaint.

  2. Deny the allegations made in Paragraph 2 of the Complaint that allege that Westchester Medical Center discriminated against Plaintiff, and respectfully refer all questions of law concerning the Americans With Disabilities Act to the Court.

  3. Deny the allegations made in Paragraph 3 of the Complaint that allege that Defendants discriminated against Plaintiff, and respectfully refer all questions of law concerning the NYSHRL to the Court.

  4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 4 of the Complaint, except respectfully refer all questions of law concerning jurisdiction to the Court, and deny that Defendants committed any unlawful acts.

  5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 5 of the Complaint, except respectfully refer all questions of law

concerning supplemental jurisdiction to the Court, and deny that Defendants committed any unlawful acts.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 6 of the Complaint, except respectfully refer all questions of law concerning venue to the Court, and deny that Defendants committed any unlawful acts.

7. Respectfully refer all questions of law concerning conditions precedent to the Court, and deny that Defendants committed any unlawful acts.

8. Deny the allegations made in Paragraph 8 of the Complaint, except admit that Plaintiff filed a charge of discrimination before the Equal Employment Opportunity Commission, and a Right to Sue letter was issued.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 9 of the Complaint, except respectfully refer all questions of law concerning timeliness to the Court, and deny that Defendants committed any unlawful acts.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 10 of the Complaint, and respectfully refer the Court to Rule 38(D) of the Federal Rules of Civil Procedure.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 11 of the Complaint.

12. Deny the allegations made in Paragraph 12 of the Complaint, except affirmatively state that Westchester Medical Center is a hospital created by the New York State Public Authorities Law and is located at 100 Woods Road, Valhalla, New York 10595.

13. Admit the allegations made in Paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 14 of the Complaint.

15. Admit the allegations made in Paragraph 15 of the Complaint.

16. Admit that patient and infant assessment and delegating tasks to other nursing staff were among Plaintiff's duties.

17. Deny the allegations made in Paragraph 17 of the Complaint.

18. Deny the allegations made in Paragraph 18 of the Complaint.

19. Deny the allegations made in Paragraph 19 of the Complaint, except admit that Plaintiff requested, and Westchester Medical Center granted, a leave under the Family and Medical Leave Act in or about June 2015, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged medical condition.

20. Deny the allegations made in Paragraph 20 of the Complaint.

21. Deny the allegations made in Paragraph 21 of the Complaint.

22. Deny the allegations made in Paragraph 22 of the Complaint.

23. Deny the allegations made in Paragraph 23 of the Complaint.

24. Deny the allegations made in Paragraph 24 of the Complaint, except admit that Ms. Mann-Nabel was suspended following a patient incident in or about November 2015.

25. Deny the allegations made in Paragraph 25 of the Complaint, and deny that Plaintiff was treated any differently than other employees of Westchester Medical Center.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 27 of the Complaint.

4491393v.4

28. Deny the allegations made in Paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 29 of the Complaint.

30. Deny the allegations made in Paragraph 30 of the Complaint.

31. Admit the allegations made in Paragraph 31 of the Complaint.

32. Admit that for periods of Plaintiff's employment she worked on the night shift.

33. Deny the allegations made in Paragraph 33 of the Complaint.

34. Deny the allegations made in Paragraph 34 of the Complaint, and respectfully refer the Court to the letter referenced therein for its true and correct contents.

35. Deny the allegations made in Paragraph 35 of the Complaint, and respectfully refer the Court to the letter referenced therein for its true and correct contents.

36. Deny the allegations made in Paragraph 36 of the Complaint.

37. Deny the allegations made in Paragraph 37 of the Complaint.

38. Deny the allegations made in Paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 43 of the Complaint.

44. Deny the allegations made in Paragraph 44 of the Complaint, except admit that Plaintiff was on a FMLA leave of absence during the period from March 4, 2016 through March 15, 2016, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged medical condition.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 45 of the Complaint.

46. Deny the allegations made in Paragraph 46 of the Complaint.

47. Deny the allegations made in Paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 48 of the Complaint.

49. Deny the allegations made in Paragraph 49 of the Complaint.

50. Deny the allegations made in Paragraph 50 of the Complaint.

51. Deny the allegations made in Paragraph 51 of the Complaint.

52. Deny the allegations made in Paragraph 52 of the Complaint.

53. Deny the allegations made in Paragraph 53 of the Complaint.

54. Deny the allegations made in Paragraph 54 of the Complaint.

55. Deny the allegations made in Paragraph 55 of the Complaint

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 56 of the Complaint, except admit that Plaintiff began an extended sick leave on or about April 21, 2016 and received half pay for the duration of the leave.

57. Deny the allegations made in Paragraph 57 of the Complaint.

58. Deny the allegations made in Paragraph 58 of the Complaint.

59. Deny the allegations made in Paragraph 59 of the Complaint.

60. Deny the allegations made in Paragraph 60 of the Complaint, except admit that Plaintiff's salary at the time she retired was $106,523.

61. Deny the allegations made in Paragraph 61 of the Complaint.

62. Admit the allegations made in Paragraph 62 of the Complaint.

63. Deny the allegations made in Paragraph 63 of the Complaint.

**FIRST CAUSE OF ACTION**

64. Defendants repeat and re-allege the foregoing responses as though fully set forth herein.

65. Respectfully refer all questions of law concerning the Americans With Disabilities Act to the Court, and deny that Defendants committed any unlawful acts.

66. Deny the allegations made in Paragraph 66 of the Complaint.

67. Deny the allegations made in Paragraph 67 of the Complaint.

68. Deny the allegations made in Paragraph 68 of the Complaint.

69. Deny the allegations made in Paragraph 69 of the Complaint.

**SECOND CAUSE OF ACTION**

70. Defendants repeat and re-allege the foregoing responses as though fully set forth herein.

71. Respectfully refer all questions of law concerning the Americans With Disabilities Act to the Court, and deny that Defendants committed any unlawful acts.

72. Deny the allegations made in Paragraph 72 of the Complaint.

73. Deny the allegations made in Paragraph 73 of the Complaint.

74. Deny the allegations made in Paragraph 74 of the Complaint.

75. Deny the allegations made in Paragraph 75 of the Complaint.

### THIRD CAUSE OF ACTION

76. Defendants repeat and re-allege the foregoing responses as though fully set forth herein.

77. Respectfully refer all questions of law concerning the NYSHRL to the Court, and deny that Defendants committed any unlawful acts.

78. Deny the allegations made in Paragraph 78 of the Complaint.

79. Deny the allegations made in Paragraph 79 of the Complaint.

80. Deny the allegations made in Paragraph 80 of the Complaint.

81. Deny the allegations made in Paragraph 81 of the Complaint.

### FOURTH CAUSE OF ACTION

82. Defendants repeat and re-allege the foregoing responses as though fully set forth herein.

83. Respectfully refer all questions of law concerning the NYSHRL to the Court, and deny that Defendants committed any unlawful acts.

84. Deny the allegations made in Paragraph 84 of the Complaint.

85. Deny the allegations made in Paragraph 85 of the Complaint.

86. Deny the allegations made in Paragraph 86 of the Complaint.

87. Deny the allegations made in Paragraph 87 of the Complaint.

### RESPONSE TO "WHEREFORE" CLAUSE

88. Defendants deny the allegations made in the "Wherefore" clause sub-paragraphs (A) through (G).

## FIRST AFFIRMATIVE DEFENSE

89. Plaintiff's claims of discrimination must be dismissed because Defendants did not take any adverse employment action against Plaintiff as a result of any alleged disability.

## SECOND AFFIRMATIVE DEFENSE

90. Plaintiff's claims of discrimination must be dismissed because all of Defendants' decisions and actions concerning Plaintiff and her employment were based on legitimate, non-discriminatory reasons.

## THIRD AFFIRMATIVE DEFENSE

91. Plaintiff's claims may be barred in whole, or in part, by her failure to mitigate damages and/or injuries.

## FOURTH AFFIRMATIVE DEFENSE

92. Plaintiff cannot establish a *prima facie* claim necessary to recover under the NYSHRL or the Americans With Disabilities Act.

## FIFTH AFFIRMATIVE DEFENSE

93. Plaintiff cannot recover punitive damages under the ADA or the NYSHRL because Defendants acted in good faith at all times, and at no time engaged in discriminatory practices with malice, willfulness, or reckless disregard for Plaintiff's rights.

## SIXTH AFFIRMATIVE DEFENSE

94. Plaintiff cannot recover punitive damages against Westchester Medical Center or Denise Davis as an employee of Westchester Medical Center because punitive damages are unavailable against a public benefit corporation created by the New York State Public Authorities Law § 3300, *et seq*.

### SEVENTH AFFIRMATIVE DEFENSE

95. Plaintiff has failed to assert any claims against Individual Defendant Denise Davis that would allow for individual liability under the New York State Human Rights Law.

### EIGHTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims of discrimination must be dismissed because Plaintiff cannot establish that her alleged disability was the "but-for" cause for the adverse employment action.

### NINTH AFFIRMATIVE DEFENSE

97. Plaintiff could not, with reasonable accommodation, satisfy the essential requisites of her position.

### TENTH AFFIRMATIVE DEFENSE

98. Defendants were not required to make the requested accommodation of allowing Plaintiff to work on the night shift, as this would have imposed an undue hardship on Westchester Medical Center's operations by potentially compromising patient and staff safety.

### ELEVENTH AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred to the extent that she failed to exhaust all necessary administrative remedies and procedures prior to the commencement of this action.

### TWELFTH AFFIRMATIVE DEFENSE

100. Defendants cannot be held liable for Plaintiff's voluntary retirement from her employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

101. Defendants reserve their right to amend or supplement their Answer or to assert additional defenses at or before trial as additional information is obtained through investigation and discovery.

4491393v.4

**WHEREFORE**, the Defendants demands judgment against Plaintiff as follows:

i) dismissing the Second Amended Complaint, dated June 9, 2017, with prejudice;

ii) awarding the Defendants attorneys' fees, costs, and disbursements it incurred in defending against the lawsuit; and

iii) awarding the Defendants such other relief that the Court deems proper.

Dated: Great Neck, New York
June 30, 2017

                                          GARFUNKEL WILD, P.C.
                                          *Attorneys for Defendants*

                                          By:   *s/ Lauren M. Levine*
                                                      Michael J. Keane
                                                        Lauren M. Levine
                                                       Samantha N. Tomey

                                          111 Great Neck Road
                                          Great Neck, New York 11021
                                          (516) 393-2200

TO:   Walker G. Harman, Jr.
       Edgar M. Rivera
       Owen H. Laird
       THE HARMAN FIRM, LLP
       *Attorneys for Plaintiff*
       220 Fifth Avenue, Suite 900
       New York, New York 10001
       (212) 425-2600
       wharman@theharmanfirm.com
       erivera@theharmanfirm.com