UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PATRICIA MANN-NABEL

                *Plaintiff,*

  -against-

WESTCHESTER MEDICAL CENTER *and*
DENISE DAVIS, *individually,*

                *Defendants.*

------------------------------------------------------------X

**PROTECTIVE ORDER**

Docket No. 16-cv-09382-VSB

VERNON S. BRODERICK, DISTRICT JUDGE:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such "Confidential Discovery Material" to anyone else except as expressly permitted hereunder.

2. The person who produces, i.e., transmits to any other person subject to this order, ("producing person") any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    a) all documents provided to defendants' counsel of the following categories: medical information produced by plaintiff or third-party medical providers, such as, professional assessments of Plaintiff's medical and/or psychological conditions; personal financial information; and except that such documents and information shall not be deemed "Confidential Discovery Materials" to the extent, and only to the extent, that they are (a) obtained by defendant from sources other than plaintiff or third-party medical providers, or (b) are otherwise publicly available;

    b) all documents provided to plaintiff's counsel by counsel for the Defendants of the following categories: personal information, financial information, medical records, disciplinary records, confidential business information and/or contracts, credentialing records, investigative files, quality assurance and peer review files, and the information contained therein, except that such documents and information shall not be deemed "Confidential Discovery Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available;

    c) all testimony concerning "Confidential Discovery Materials"; or

4561767v.1

d) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a) the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

b) counsel retained specifically for this action, including any paralegal, clerical, IT, and other assistant employed or retained by such counsel and assigned to this matter;

c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f) stenographers engaged to transcribe depositions conducted in this action; and

g) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

4561767v.1

h) the Court and its support personnel; and

i) any other person whom the producing person, or other person designating the Discovery Material confidential pursuant to paragraph 8 below, agrees in writing may have access to such Discovery Material.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

12. Nothing in this Protective Order shall prevent or in any way limit disclosure of any Confidential Discovery Material that:

    a) is or became public knowledge, not in breach of this Protective Order;

    b) was acquired by a party from a non-party having the right to disclose such information, or

    c) was learned by a party as a result of that party's own independent efforts, investigation or inquiry.

4561767v.1

13. If a dispute arises as to disclosure limitations for any specific Confidential Discovery Material, the burden shall be on the party seeking unlimited disclosure to prove that such Confidential Discovery Material was lawfully obtained through the above means or sources.

During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

| | |
|---|---|
| **THE HARMAN FIRM, LLP** | **GARFUNKEL WILD, P.C.** |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 220 Fifth Ave., Suite 900 | 111 Great Neck Road |
| New York, NY 10001 | Great Neck, NY 11201 |

Walker G. Harman, Jr, Esq.
Edgar M. Rivera, Esq.

Michael J. Keane, Esq.
Lauren M. Levine, Esq.
Samantha N. Tomey, Esq.

SO ORDERED.

Dated: New York, New York

August 25, 2017

Vernon S. Broderick
United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

PATRICIA MANN-NABEL

                *Plaintiff,*

   -against-

WESTCHESTER MEDICAL CENTER *and*
DENISE DAVIS, *individually,*

               *Defendants.*
---------------------------------X

**PROTECTIVE ORDER**

Docket No. 16-cv-09382-VSB

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____
    Signature